UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK,<br><br>                    Plaintiff,<br><br>             v.<br><br>FIORELLO, et al.,<br><br>                    Defendants. | Civil Action No. 15-7313 (MAS) (TJB)<br><br>**MEMORANDUM ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES** |

   This matter comes before the Court on the application of Defendant Irene Fiorello ("Defendant" or "Ms. Fiorello"), attached to her Notice of Removal, to proceed without prepayment of fees under 28 U.S.C. § 1915. (ECF No. 1-2.) The Court will grant the application on the strength of Defendant's allegation of indigence but remands the case to state court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

   Federal courts, as courts of limited jurisdiction, may not decide a matter in the absence of federal subject matter jurisdiction. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). "Generally, there are three bases for federal subject matter jurisdiction: (1) jurisdiction under a specific statutory grant, (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *TM Mktg., Inc. v. Art & Antiques Assocs., L.P.*, 803 F. Supp. 994, 997 (D.N.J. 1992). "[T]he burden of demonstrating the existence of federal jurisdiction is on the party seeking to invoke it." *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 429 (D.N.J. 1999) (citing *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995)).

Here, Defendant seeks to invoke this Court's jurisdiction by asserting that there is federal question and diversity jurisdiction. (ECF No. 1.) Under 28 U.S.C. § 1331, federal question jurisdiction exists when a claim arising under the United States Constitution or other federal law can be found on the face of the complaint. *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 122 (3d Cir.1979) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13, (1936)) ("[F]or a civil action to arise under 28 U.S.C. [§ ] 1331(a), the 'right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action' and 'the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'"). The Complaint in this interpleader action seeks a determination of the proper beneficiary of the proceeds payable on a life insurance policy. (*See generally* Compl., ECF No. 1-1.) No claim arising under the United States Constitution or other federal law can be found on the face of the Complaint, thus this Court does not have federal question jurisdiction under 28 U.S.C. § 1331. Furthermore, this Court lacks diversity jurisdiction, because under 28 U.S.C. § 1332(a) diversity jurisdiction requires that the amount in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs," and here the amount in controversy is $50,000. (*See* Compl. ¶ 7 (stating that the life insurance policy provides "for a death benefit in the amount of $50,000").)

Accordingly,

IT IS, on this 16th day of December 2015, **ORDERED** that:

1. Defendant's application to proceed *in forma pauperis* (ECF No. 1-2) is hereby granted pursuant to 28 U.S.C. § 1915.

2. The Clerk of the Court shall file the Notice of Removal without prepayment of fees or security.

3. This case is remanded to the Superior Court of New Jersey, Middlesex County for further proceedings.

4. Plaintiff Allstate Life Insurance Company of New York's Motion to Remand (ECF No. 5) is denied as moot.

5. All other pending motions (ECF Nos. 11, 13, 15) are denied without prejudice to refiling in state court.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE